UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JONATHAN K. LEWS,

                Plaintiff,

-against-

MAVIS TIRE AND AUTO CORP.,

                Defendant.

1:25-CV-1949 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Jonathan K. Lewis, of Fort Lauderdale, Florida, filed this *pro se* action asserting claims of employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"). He sues his former employer, Mavis Tire and Auto Corporation ("Mavis"). In addition to the claims mentioned above, the Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1981. For the following reasons, the Court transfers this action to the United States District Court for the Southern District of Florida.

## DISCUSSION

    Under the venue provision for claims brought under Title VII, such claims may be brought:

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

    With respect to claims brought under 42 U.S.C. § 1981, such claims may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a

substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For the purpose of Section 1391, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question.[1] *See* § 1391(c)(1), (2).

Plaintiff seems to allege that Mavis's corporate office is located in Millwood, Westchester County, New York, which is located within this judicial district.[2] Yet, he also alleges that the events that are the bases for his claims, namely, the alleged acts of discrimination against him, culminating in the termination of his employment, took place at two Mavis locations – a Tire Kingdom store in Pompano Beach, Broward County, Florida, and a Mavis store in Deerfield Beach, Broward County, Florida. Broward County lies within the Southern District of Florida. *See* 28 U.S.C. § 89(c).

---

[1] With respect to a defendant that is a corporation, for the purpose of Section 1391:

in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

§ 1391(d).

[2] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. 28 U.S.C. § 112(b).

This court may be a proper venue for Plaintiff's claims under Title VII because Mavis's corporate office is allegedly located within this judicial district and, thus, employment records relevant to the alleged discrimination that Plaintiff experienced may be maintained and administered within this judicial district. *See* § 2000e-5(f)(3). It is clear, however, that the United States District Court for the Southern District of Florida, and every other federal district court within the State of Florida, is a proper venue for Plaintiff's claims because the alleged discrimination that Plaintiff experienced, including his termination from employment, occurred within the Southern District of Florida. *See id.*

As to Plaintiff's claims under Section 1981, Plaintiff's complaint would seem to indicate that Mavis resides in both this judicial district and in the Southern District of Florida because Plaintiff alleges that Mavis's corporate office is located within this judicial district and that it has locations within the Southern District of Florida. *See* § 1391(c)(2), (d). Thus, it would appear that, under Section 1319(b)(1), both this court and the United States District Court for the Southern District of Florida are proper venues for Plaintiff's claims under Section 1981.

Because Plaintiff alleges that a substantial part of the events giving rise to his claims occurred in Broward County, Florida, however, it would appear that the United States District Court for the Southern District of Florida is the only proper venue, under Section 1391(b)(2), for Plaintiff's claims under Section 1981.

Under 28 U.S.C. § 1404(a), even if an action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of

3

operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine & Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate for this action. The underlying events allegedly occurred in the Southern District of Florida, and it is reasonable to expect that relevant documents and witnesses would also be located there. Thus, the United States District Court for the Southern District of Florida appears to be a more convenient forum for this action. Accordingly, this Court transfers this action to that court. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Southern District of Florida. 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 21, 2025
         New York, New York

                                           /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                        Chief United States District Judge